UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BURTON, | Case No. 1:85-cr-0205 LJO |
| Petitioner, | ORDER DENYING MOTION FOR CORRECTION OF SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | (Doc. 146) |

_____/

On September 26, 2013, Petitioner Darryl Burton ("Petitioner") filed a motion for correction of sentence pursuant to Federal Rule of Criminal Procedure 35(a). Petitioner argues that the sentencing court erred when it imposed a twenty-five year term of special parole as part of Petitioner's sentence for manufacturing and aiding and abetting the manufacture of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The Court has carefully considered Petitioner's arguments, and for all the reasons discussed below, DENIES the motion.

**I.     DISCUSSION**

As an initial matter, the Court notes that this motion is timely. The offenses that Petitioner was sentenced for and now seeks to challenge occurred before November 1, 1987,[1] the effective date of the Sentencing Reform Act of 1984 ("the SRA"). As such, the applicable version of Rule 35(a) is the one

---

[1] Petitioner was sentenced on August 4, 1986. He was sentenced to a term of 15 years imprisonment and a term of twenty-five years of special parole. (Doc. 90.)

1

that was in effect prior to the enactment of the SRA.  See United States v. Gruenberg, 53 F.3d 214 n.2 (8th Cir. 1995); United States v. Stump, 914 F.2d 170, 172 n.1 (9th Cir. 1990).  That version provided that "[t]he [sentencing] court may correct an illegal sentence *at any time* . . . ."  Fed. R. Crim. P. 35(a) (1984) (emphasis added).  Accord Stump, 914 F.2d at 172.[2]

Petitioner's arguments lack merit.  The underlying premise for Petitioner's argument is that he pleaded guilty to manufacturing approximately 80 pounds of phencyclidine ("PCP") in violation of 21 U.S.C. § 841(a)(1).  From this, Petitioner contends that he should have been sentenced under 21 U.S.C. § 841(b)(1)(A), the provision applicable to violations of § 841(a)(1) involving 500 grams or more of PCP.  See 21 U.S.C. § 841(b)(1)(A)(iii) (1982 ed. Supp. III).  As Petitioner points out, at the time of his sentencing § 841(b)(1)(A) did not authorize a court to impose a term of special parole.  See Gozlon-Peretz v. United States, 498 U.S. 395, 399-400 (1991); United States v. Torres, 880 F.2d 113, 114 (9th Cir. 1988).

The underlying premise for Petitioner's argument is flawed.  Petitioner did not plead guilty to manufacturing 80 pounds of *PCP*.  Rather, Petitioner pleaded guilty to manufacturing and aiding and abetting the manufacture of approximately 80 pounds of *piperidinocyclohexanecarbonitrile* ("PCC").  (See Doc. 90) (sentencing Petitioner pursuant to Count IV of the Superseding Indictment);  (Doc. 49, Superseding Indictment) (listing Count IV as manufacturing and aiding and abetting the manufacture of PCC in violation of 21 U.S.C. § 841(a)(1)).  PCC is the immediate chemical precursor to PCP and is identified in Title 21 as a non-narcotic Schedule II controlled substance.  See 21 U.S.C. § 802(17) (1982 ed. Supp. III) (defining "narcotic drug"); 21 C.F.R. § 1308.12(f)(2) (1986) (identifying PCC as a Schedule II immediate precursor to PCP).  As such, the applicable penalty provision for Petitioner's offense was 21 U.S.C. § 841(b)(1)(B), not § 841(b)(1)(A).  Under § 841(b)(1)(B), a court was required to impose (1) a term of imprisonment of no longer than 15 years; and (2) a term of special parole of *at least* three or six years, depending on the defendant's previous convictions.  21 U.S.C. § 841(b)(1)(B) (1982 ed. Supp. III).  Accordingly, the sentencing court did not err when it imposed a twenty-five year term of special parole as part of Petitioner's sentence.

---

[2] The current version of Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a) (2013).

**II.    CONCLUSION AND ORDER**

For the reasons set forth above, Petitioner's motion for correction of sentence pursuant to Rule 35(a) is DENIED.

IT IS SO ORDERED.

Dated:   **October 29, 2013**                          **/s/ Lawrence J. O'Neill**
                                                                          UNITED STATES DISTRICT JUDGE