# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARRYL BURTON,<br><br>　　　　　Defendant. | 1:85-cr-00205 LJO<br><br>**ORDER CONSTRUING REQUEST AS ONE TO RE-OPEN TIME FOR APPEAL AND TO FILE A MOTION FOR RECONSIDERATION; DENYING REQUEST; AND DIRECTING CLERK OF COURT TO PROVIDE COPY OF UNDERLYING ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2255 (Docs. 160, 145 & 140)** |

　　　　In a letter dated September 27 2016 (Doc. 160, filed Oct. 6, 2016), Defendant Darryl Burton, a federal prisoner proceeding *pro se*, inquires about the status of certain fillings in this case related to a petition he filed on September 29, 2000 pursuant to 28 U.S.C. § 2255 ("Section 2255 Petition"). *See* Doc. 140. Defendant acknowledges that his Section 2255 Petition was denied in January 2001. Doc. 145. Defendant claims that "[i]n February 2001, he filed a timely motion of objection and reconsideration of the denial along with a notice of appeal." Doc. 160. Defendant indicates that he recently "discovered that there was never a reply received for either motion" and, after a further review of the docket, discovered that the docket reveals no entries pertaining to any these motions. *Id*. Defendant asks the Court to review the available case files for his motions and asserts that he has "valid copies" of these motions he could provide the Court. *Id*.

　　　　Assuming, for the sake of this discussion only, that Defendant does have copies of these motions and that those copies would demonstrate Defendant <u>sent</u> the motions to the Court, the Court's own review of the docket confirms that they were never docketed. Therefore, again for the sake of argument only, the Court will assume Defendant's motions were either lost in the mail or by the Court.

With regard to the purported notice of appeal, the time for raising any missing or lost notice of appeal has long since passed. Federal Rule of Appellate Procedure 4 squarely governs this situation. Pursuant to the version of that rule in place in 2001 and the present rules, Defendant had 60 days from entry of judgment to file his notice of appeal. Fed. R. App. P. 4(a)(1)(B) (2000); Fed. R. App. P. 4(a)(1)(B)(i).[1] A Court may extend the time for the filling of a notice of appeal by no more than 30 days after the prescribed deadline or 14 days after the extension request is granted, but only "if a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires." Fed. R. App. P. 4(a)(5) (2000); Fed. R. App. P. 4(a)(5). Even if Defendant could demonstrate that he did not receive notice of the Order Denying his Section 2255 Petition, docketed January 26, 2001, it would still be too late to re-open the time to file a notice of appeal. Fed. R. App. P. 4(a)(6) (2000)(permitting a district court to re-open the time to file an appeal for a period of 14 days if the court finds that the moving party did not receive notice of the order sought to be appealed, but only if a request to re-open is filed within 180 days of the entry of judgment); Fed. R. App. P. 4(a)(6)(same).

To the extent Defendant claims he also attempted to file with this Court a request for reconsideration of the Order Denying his Section 2255 Petition, it is likewise far too late for this Court to consider any such motion. Federal Rule of Civil Procedure 60(b) governs motions for reconsideration of this kind. A Rule 60(b) motion "must be made within a reasonable time ... [and] no more than a year after the entry of the judgment," for reasons under Rule 60(b)(1), (2) or (3). Fed. R. Civ. P 60(c). "What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (internal quotations and citations omitted). Courts have routinely held that delays of less than three years in seeking Rule 60(b)(6) relief are not reasonable. *See, e.g., Morse–Starrett Products Co. v.*

---

[1] The Rules of Appellate procedure applicable to civil cases govern appeals from decisions on petitions for habeas corpus filed pursuant to 28 U.S.C. § 2255. *See United States v. Hardy*, 953 F.2d 1388 (9th Cir. 1992) (table) (applying civil deadlines); *Laborin v. Clark*, No. 2:08-CV-1998-TJB, 2011 WL 6102114, at *1 (E.D. Cal. Dec. 8, 2011) (same).

*Steccone,* 205 F.2d 244, 249 (9th Cir. 1953) (22 months unreasonable); *Hogan v. Robinson,* 2009 WL 1085478, at *4 (E.D. Cal. April 22, 2009) (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); *Henry v. Lindsey,* 2008 WL 4594948, at *2 (N.D. Cal. Oct.15, 2008) (Rule 60(b)(6) motion untimely where the petitioner waited "an additional two and a half years" after the Ninth Circuit's affirmance before filing); *Swait v. Evans,* 2008 WL 4330291, at *5-*6 (C.D. Cal. Sept.22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing). Here, Defendant claims to have filed the missing motions in 2001, almost fifteen years ago. Since then, in September 2013, he filed pro se a motion for correction of sentence, Doc. 146, and an appeal from the order denying that motion in November 2013. Doc. 148. He offers no valid explanation for why he did not discover that his purported earlier motions were neither docketed nor ruled upon. Accordingly, even if Defendants motion for reconsideration was lost, either in the mail or by the Court, this Court has little difficulty finding that he did not file his Rule 60(b)(6) motion within a reasonable time.

     For the reasons set forth above, Defendant's request, construed as (1) a request to re-open the time to file a notice of appeal regarding the Order Denying his Section 2255 Petition and/or (2) a request to reconsider the Order Denying his Section 2255 Petition, is DENIED as untimely. As a courtesy, the Court grants Defendant's other request, for copies of Docket Entries 140 (a minute order) and 145 (the Order Denying his Section 2255 Petition). The Clerk of Court is directed to serve copies of those documents on Defendant along when serving him with a copy of this Order.

IT IS SO ORDERED.

    Dated:   **November 2, 2016**          /s/ Lawrence J. O'Neill
                                                   UNITED STATES CHIEF DISTRICT JUDGE