UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    Plaintiff,<br><br>          v.<br><br>**DARRYL BURTON,**<br><br>                    Defendant. | 1:85-cr-00205 LJO<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION; CLARIFYING PRIOR ORDER RE REQUEST FOR COPIES; DENYING RENEWED REQUEST FOR COPIES; AND DENYING FREEDOM OF INFORMATION ACT REQUEST** (Docs. 163, 166 & 165) |

In a letter dated September 27, 2016 (Doc. 160, filed Oct. 6, 2016), Defendant Darryl Burton, a federal prisoner proceeding *pro se*, inquired about the status of certain fillings in this case related to a petition he filed on September 29, 2000 pursuant to 28 U.S.C. § 2255 ("Section 2255 Petition"). *See* Doc. 140. Defendant acknowledges that his Section 2255 Petition was denied in January 2001 ("January 2001 Order"). Doc. 145. Defendant claimed that "[i]n February 2001, he filed a timely motion of objection and reconsideration of the denial along with a notice of appeal." Doc. 160. Defendant indicated that he recently "discovered that there was never a reply received for either motion" and, after a further review of the docket, discovered that the docket revealed no entries pertaining to either his objection/reconsideration request or his notice of appeal. *Id*. Defendant asked the Court to review the available case files for his motions and asserts that he has "valid copies" of these motions he could provide the Court. *Id*.

In a November 3, 2016 Order ("November 2016 Order"), the Court explained that its own review of the docket confirmed that Defendant's motions were never docketed. Doc. 161 at 1. The Court

assumed, for the sake of discussion, that Defendant's motions were either lost in the mail or by the Court. *See id*. The Court then concluded that because of the amount of time that had passed since Defendant's attempt at filing these motions–almost fifteen years–it was far too late for the Court to extend the time for filing a notice of appeal or for the Court to consider any motion to reconsider the January 2001 Order denying his Section 2255 Petition. *Id*. at 2-3.

Despite the November 2016 Order, Defendant nevertheless filed a Request for Reconsideration of the January 2001 Order denying his 2255 Petition. Doc. 165. For the reasons set forth in the November 2016 Order, the Court cannot consider this late-filed Request for Reconsideration of an Order issued more than fifteen years ago. The Request is therefore DISMISSED.

In his September 27, 2016 letter, Defendant also specifically requested copies of Docket Entries 140 and 145 from this case file. Docket entry 145 is the January 2001 Order denying Defendant's Section 2255 Petition. A copy of that document was provided to Defendant as a courtesy along with the November 2016 Order. Docket Entry 140 reflects the filing on September 29, 2000 of Defendant's 2255 Petition. Also as a courtesy, the Court directed the Clerk of Court to provide Defendant with a copy of that Docket Entry[1]. The actual underlying 2255 Petition is presently not at this courthouse, as the entire case file has been sent to the Federal Court's archive center outside this District, so a copy of the underlying filing is not readily obtainable. Without any information suggesting why the document is important to a non-frivolous claim before the Court, the Court declines to order the case file returned from the archive center at taxpayer expense. *Chapman v. United States*, 55 F.3d 390, 390–91 (8th Cir. 1995) ("[A]ccess to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case."), Among other things, Defendant's possession of a copy of his 2255 Petition would not change the Court's conclusion that the Court cannot consider a Request for Reconsideration of its January 2001

---

[1] The Court inadvertently referred to the Docket Entry as a "Minute Order." In fact, it is simply an entry on the docket reflecting the receipt on September 29, 2000 of Defendant's own 2255 Petition.

Order denying that Petition. The request for a copy of the document underlying Docket Entry 140 is DENIED WITHOUT PREJUDICE.

Finally, Petitioner has filed a request for copies of certain documents from his case file pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Doc. 166. FOIA requires "[e]ach agency [to] make available to the public [certain] information." *Id*. § 552(a). However, FOIA defines the term "agency" to mean "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include . . . the courts of the United States." *Id*. § 551(1)(B). Accordingly, FOIA does not apply to the U.S. Courts and therefore has no bearing on this Court's decision regarding Defendant's request for documents.

## CERTIFICATE OF APPEALABILITY

When a district court denies a habeas petition (or a request for reconsideration of a habeas petition) on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While both showings must be made to obtain a certificate of appealability, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

The Court finds that jurists of reason would not find it debatable that Defendant's Request for Reconsideration was properly dismissed on procedural grounds. Accordingly, the Court hereby DECLINES TO ISSUE for certificate of appealability.

## CONCLUSION

For the reasons set forth above:

(1) Defendant's Request for Reconsideration is DISMISSED;

(2) Defendant's request for a copy of the document underlying Docket Entry 140 is DENIED WITHOUT PREJUDICE.

(3) Defendant's FOIA request is DENIED; and

(4) The Court DECLINES TO ISSUE a certificate of appealability.

IT IS SO ORDERED.

Dated:   **December 5, 2016**              /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE