**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DARRYL BURTON,**<br><br>**Defendant.** | **1:85-cr-00205 LJO**<br><br>**ORDER RE DEFENDANT'S "PLEADING FOR SHOW CAUSE ORDER" AND OTHER MISCELLANEOUS COMMUNICATIONS (Docs. 174-177)** |

Defendant Darryl Burton is a federal prisoner proceeding *pro se*. On September 29, 2000, he filed a petition pursuant to 28 U.S.C. § 2255 ("Section 2255 Petition"). *See* Doc. 140. Defendant acknowledges that his Section 2255 Petition was denied in January 2001. Doc. 145.

In a letter dated September 27, 2016 (Doc. 160, filed Oct. 6, 2016), Defendant, inquired about the status of certain fillings in this case related to his Section 2255 Petition. Defendant claimed that "[i]n February 2001, he filed a timely motion of objection and reconsideration of the denial along with a notice of appeal." Doc. 160. Defendant indicated that he recently "discovered that there was never a reply received for either motion" and, after a further review of the docket, discovered that the docket reveals no entries pertaining to any these motions. *Id*. Defendant asked the Court to review the available case files for his motions and asserts that he has "valid copies" of these motions he could provide the

Court. *Id*.

On November 3, 2016, the Court issued an Order construing the September 27, 2016 Order as a request to re-open the time for appeal and denying any such request, finding "the time for raising any missing or lost notice of appeal has long since passed." Doc. 161 at 2. To the extent Defendant was claiming that he attempted to file with this Court a request for reconsideration of the Order denying his Section 2255 Petition, the November 3, 2016 Order likewise found it "far too late for this Court to consider any such motion." *Id*. In addition, as a courtesy, the Court ordered the Clerk of Court to provide Defendant copies of certain documents requested by Defendant. *Id*. at 3.[1] According to the Court's docket, the November 3, 2016 Order was served on Defendant at his address of record. Defendant timely filed a notice of appeal from that Order. Doc. 162.

On November 21, 2016, Defendant filed a "Pleading[] Pursuant to Federal Rules of Civil Procedure, Rule 59(e), Local Rule 230(j), [or] in the Alternative Rule 60(b)," seeking reconsideration of the Order denying is Section 2255 Petition. Doc 165 (filed Nov. 21, 2016; dated November 15, 2016). The Court addressed this filing in a December 5, 2016 Order as follows: "For the reasons set forth in the November 2016 Order, the Court cannot consider this late-filed Request for Reconsideration of an Order issued more than fifteen years ago. The Request is therefore DISMISSED." Doc. 169 at 2. According to the Court's docket, the December 5, 2016 Order also was served on Defendant at his address of record. Thereafter, Defendant filed a notice of appeal from the "December 5, 2016" Order. Doc. 170.

On December 27, 2016, Defendant filed letter dated December 22, 2017, addressed to the Clerk of Court stating: "Be advised that in November of 2016, I filed a timely Pleading (60(b)) back before this Court. The pleading was sent registered mail with a return receipt requested, this portion I have received back. To date there has not been any informal acknowledgement from the clerk's office. Please send me a copy of the active docket sheet for the above styled matter." Doc. 172. On January 5, 2017,

[1] The Court later learned that at least one of the requested documents were no longer in the Courthouse, having been sent to the Federal Court's archive center outside this District, and modified its order to decline to send complete documents absent any showing they were important to a non-frivolous claim over which this Court has jurisdiction. Doc. 169 at 2.

the Court responded to this letter by explaining that, as mentioned, the Court received, reviewed, and dismissed this this "Pleading" in its December 5, 2016 Order. *See* Doc. 173.

Defendant has since filed numerous other documents, all of which reflect a misunderstanding of his proceedings and a refusal to acknowledge the Court's denial, Doc. 169, of his Rule 60(b) motion. On January 17, 2016, Defendant filed a document entitled "Notice of Judicial Error in its Pronounced Order of January 6, 2017 Order," in which Defendant claims he never received the Court's December 5, 2016 Order, and explains that if he had, he would have filed objections "preserving full appellate review." Doc. 174. Defendant "puts this court on notice for the violation and the lack of notification" and states his intent to exercise his rights to file objections to the denial of "the 60(b)." *Id*. at 3. This document, however, makes no specific requests pursuant to any rule of procedure. Accordingly the Court takes no action upon it.

On January 23, 2017, the Court received another filing entitled "Correction of the Inaccurately Stated Record," in which Defendant, among other things, again complains that he was not notified of the Court's prior orders, takes issue with various background facts mentioned by the Court in its prior orders, and discusses his interpretation of the scope of his own notices of appeal. Doc. 175. Again, this document makes no specific requests pursuant to any rule of procedure, so the Court takes no action upon it.

On February 9, 2017, in a document entitled "Claimant's Pleading to Expedite a Factual Determination and Fact Finding," Defendant claims that he has made numerous requests regarding his "Rule 60(b)" pleading that have "fallen on deaf ears." Doc. 176 at 2-3. Given that Defendant appears to be confused as to the state of his Rule 60(b) motion filed November 21, 2016, Doc. 165, that motion is DISMISSED. It is far too late for this Court to consider any such motion. Federal Rule of Civil Procedure 60(b) governs motions for reconsideration of this kind. A Rule 60(b) motion "must be made within a reasonable time ... [and] no more than a year after the entry of the judgment," for reasons under Rule 60(b)(1), (2) or (3). Fed. R. Civ. P 60(c). "What constitutes reasonable time depends upon the facts

of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) (internal quotations and citations omitted). Courts have routinely held that delays of less than three years in seeking Rule 60(b)(6) relief are not reasonable. *See, e.g., Morse–Starrett Products Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953) (22 months unreasonable); *Hogan v. Robinson*, 2009 WL 1085478, at *4 (E.D. Cal. April 22, 2009) (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); *Henry v. Lindsey*, 2008 WL 4594948, at *2 (N.D. Cal. Oct.15, 2008) (Rule 60(b)(6) motion untimely where the petitioner waited "an additional two and a half years" after the Ninth Circuit's affirmance before filing); *Swait v. Evans*, 2008 WL 4330291, at *5-*6 (C.D. Cal. Sept.22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing). Here, Defendant claims to have filed the missing motions in 2001, almost fifteen years ago. Since then, in September 2013, he filed pro se a motion for correction of sentence, Doc. 146, and an appeal from the order denying that motion in November 2013,Doc. 148. He offers no valid explanation for why he did not discover that his purported earlier motions were neither docketed nor ruled upon. Accordingly, the Court finds that he did not file his Rule 60(b)(6) motion within a reasonable time.

Finally, on February 27, 2017, Defendant filed a document entitled "Claimant's Pleading for Show Cause Order to the Government," in which he continues to assert that his Rule 60 motion is still pending and requests that the Court require that the opposing party be given the opportunity to properly respond. Doc. 177. As mentioned, Defendant's Rule 60 motion was previously DISMISSED. To the extent there was any confusion about that fact in previous orders, the instant order DISMISSES IT AGAIN on grounds of untimeliness (see paragraph above). There is no procedural rule that requires the Court to order the United States to respond to a frivolous petition. In this case, Defendant's Rule 60 motion is frivolous because of its extreme untimeliness. Accordingly, Claimant's request for a Show

Cause Order is DENIED.

So there is no mystery, Defendant has sought to bring a motion to reconsider the 2001 denial of his 2255 Petition. The Court has now ruled several times that Defendant may not do so. **No further pleadings on any matter related to that issue will be entertained** nor will it be responded to if filed.

IT IS SO ORDERED.

Dated: **April 6, 2017**

**/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE