# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DARRYL BURTON,<br><br>        Petitioner. | 1:85-CR-00205-LJO<br><br>**ORDER DENYING PETITIONER'S APPLICATION FOR CONSIDERATION OF THE *HOLLOWAY* DOCTRINE (ECF No. 183) AND DENYING PETITIONER'S MOTION TO CORRECT ILLEGAL SENTENCE PURSUANT TO FED. R. CRIM. P. 35** |

## I. BACKGROUND

Petitioner Darryl Burton is a federal prisoner proceeding pro se. In 1986, Petitioner pled guilty to manufacturing approximately 80 pounds of a Schedule II controlled substance and was sentenced to 180 months in prison, and 25 years of special parole. (ECF No. 147 at 2). Petitioner remains incarcerated. On April 7, 2017, the Court reaffirmed the dismissal of Petitioner's Federal Rule of Civil Procedure 60(b) motion for reconsideration of his 2001 habeas corpus petition brought pursuant to 28 U.S.C. § 2255, stating that "**[n]o further pleadings on any matter related to this issue will be entertained.**" (ECF No. 178 at 5). Petitioner attempted to appeal this decision but was not granted a certificate of appealability. (ECF No. 185 at 5). On April 26, 2017, Petitioner filed a motion titled "Claimant's Application for Consideration of the Holloway Doctrine," asking the Court to exercise its discretion to reduce his special parole sentence of 25 years. (ECF No. 183). On March, 1, 2018, Petitioner filed his second 'Motion to Correct an Illegal Sentence' pursuant to Federal Rule of Criminal Procedure 35. (ECF No. 190.)

## II. ANALYSIS

**A.     *Holloway* Doctrine.**

Petitioner seeks to reduce his sentence under what is being called the "*Holloway* Doctrine," named after a petitioner in a case filed in the Eastern District of New York. *See United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Petitioner describes the *Holloway* Doctrine as giving "District Courts [] discretion to subsequently reduce a Petitioner's sentence in the interest of fairness 'even after all appeals and collateral attacks have been exhausted, and there is neither a claim of innocence nor any defect in the conviction or sentence.' *Holloway*, 68 F. Supp. 3d at 311." (ECF No. 183 at 2).

A district court has only limited authority to modify a sentence once it has been imposed. *See* 18 U.S.C. § 3582(c). Section 3582(c) provides that a judgment of a conviction including a sentence of imprisonment is final and may only be modified in three instances: 1) upon motion of the Director of the Bureau of Prisons; 2) pursuant to a motion by the Government under Rule 35(b) of the Federal Rules of Criminal Procedure; and 3) pursuant to a sentencing range lowered by United States Sentencing Commission pursuant to 28 U.S.C. § 994(o).

In *Holloway*, the Petitioner was charged with three counts of armed carjacking in October 1994. 68 F. Supp. 3d at 312. Each carjacking count was accompanied by an 18 U.S.C. § 924(c) enhancement for using a firearm during a crime of violence. The first § 924(c) conviction carried a mandatory 5-year sentence enhancement, and each additional § 924(c) conviction carried a mandatory sentence enhancement of 20 years, to be served consecutively. *Id.*; *see also Acuna v. United States*, No. 07-00615 SOM, 2016 WL 3747531, at *2 (D. Haw. July 8, 2016). Prior to trial, Holloway was offered a plea bargain which would have dropped two of the three § 924(c) charges, resulting in a sentence of 130-147 months. *Id*. Instead of accepting the plea deal, Holloway insisted on a trial, but in so doing, he was required to face all three § 924(c) counts. At the conclusion of Holloway's trial, he was found guilty of all three counts of carjacking, each with § 924(c) enhancement, and was sentenced to 57 years

and 7 months. *Id*. (12 years and 7 months for the three carjackings, 5 years for the first § 924(c) enhancement, 20 years for the second § 924(c) enhancement, and 20 years for the third § 924(c) enhancement.) Holloway's "trial penalty," the difference in sentence between accepting a plea bargain and exercising one's right to trial by jury, was 42 years. *Id.* at 313. The *Holloway* court noted that as a result of these types of enhancement laws, "cases like Holloway's produce sentences that would be laughable if only there weren't real people on the receiving end of them." *Id*. at 312. Holloway's conviction and sentence were affirmed by the Second Circuit in 1997, and the Supreme Court in 1999. *Id*. at 313. In 2002, the Eastern District of New York denied Holloway's § 2255 collateral attack and the Second Circuit refused to issue a certificate of appealability. *Id*.

For two decades, Holloway's behavior while incarcerated was exemplary. He received very few disciplinary infractions, and took advantage of numerous education and counseling programs. *Id.* at 314. In 2012, Holloway filed a motion to reopen his section 2255 proceeding under Rule 60(b). The district court recognized that there were good reasons to revisit Holloway's sentence, but that there were no legal avenues or basis remaining for vacating it. *Id*. Instead of dismissing Holloway's motion, the court issued an order "respectfully request[ing] that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." *Id*. Because of the excessiveness of Holloway's sentence, Holloway's evidence of rehabilitation, and even agreement from Holloway's victims; the U.S. Attorney, noting that this was "both a unique case and a unique defendant" agreed to "withdraw [] opposition to the pending Rule 60(b) motion … [and] wouldn't oppose the granting of the underlying 2255 motion for the purpose of vesting the court with authority to vacate two of the § 924(c) convictions." *Id*. at 315. After receiving the U.S. Attorney's agreement, Holloway's lawyer moved to vacate two of the three § 924(c) convictions, allowing the court resentence Holloway. *Id*. at 316.

As a threshold matter, it is worth noting that *Holloway* was decided by the Eastern District of New York and thus, is not binding on this Court. Nor does *Holloway* "create an actionable new right

3

under federal law." *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016). No circuit court has directly addressed the *Holloway* Doctrine, however, from a survey of district court cases, "the one consistent theme for the Courts that have addressed the Holloway decision is that unless the government acquiesces to the reduction [in sentence], there is no jurisdiction for the district court to reduce the Petitioner's sentence." *See Whitt v. United States*, No. 1:95 CR 33, 2017 WL 5257709, at *3 (N.D. Ind. Nov. 13, 2017) (collecting cases); *see also Acuna v. United States,* 2016 WL 3747531, at *3 (D. Hawaii July 8, 2016) ("Holloway is contingent on the Government's acquiescence"); *United States v. Smith*, 2017 WL 2889307, at *2 (M.D. Fla. July 7, 2017) ("Mr. Holloway would not have been eligible for relief without the government's agreement, and the government has not agreed to any such reduction in this case."). "Indeed, the *Holloway* court itself recognized the importance of the government's agreement to its resentencing . . . ('the significance of the government's agreement is already clear: it has authorized me to give Holloway back more than 30 years of his life')." *United States v. Hendrix*, No. 07 C 4041, 2018 WL 1064705, at *2 (N.D. Ill. Feb. 27, 2018) (citing *Holloway*, 68 F.Supp.3d at 315-16).

Even if this Court was persuaded by the *Holloway* doctrine, Petitioner's case involves circumstances distinguishable from *Holloway*. First, one of the principle bases for Holloway's reduction in sentence was that Holloway was a model prisoner. The Petitioner here has made no such showing. Second, Petitioner is asking for a reduction of a term of special parole, not incarceration. *Holloway* makes no mention of reducing probation sentences. Moreover, to be truly analogous to *Holloway*, Petitioner would need to bring this motion (or one like it to reduce his term of probation) after demonstrating his ability to comply with the terms of his probation for a number of years. Finally, as discussed above, the government agreed to vacate two of Holloway's convictions. Here, there has been no such agreement by the government to vacate any part of Petitioner's sentence. Because the circumstances of Petitioner's case and that of *Holloway* are thus distinguishable, Petitioner's motion is DENIED.

4

**B.      Fed. R. Crim. P. 35 Motion to Correct Illegal Sentence**

On March 1, 2018, Petitioner Burton filed a motion for correction of sentence pursuant to Federal Rule of Criminal Procedure 35(a). (ECF No. 190.) Petitioner argues that the sentencing court erred when it imposed a twenty-five year term of special parole as part of Petitioner's sentence for manufacturing and aiding and abetting the manufacture of a controlled substance in violation of 21 U.S.C. § 841(a)(1). This is the second Rule 35 Motion to Correct Illegal Sentence that Petitioner has filed with this court. The first Motion to Correct Illegal Sentence Pursuant to Rule 35 ("First Rule 35 Motion") was filed on September 26, 2013 and was denied in an order dated October 29, 2013. (ECF No. 147.) The Court has considered Petitioner's arguments, and for the reasons discussed below, again DENIES the motion.

**1.      DISCUSSION**

As an initial matter, the Court notes that this motion is timely. The offenses that Petitioner was sentenced for and now seeks to challenge occurred before November 1, 1987, the effective date of the Sentencing Reform Act of 1984 ("the SRA"). As such, the applicable version of Rule 35(a) is the one that was in effect prior to the enactment of the SRA. See *United States v. Gruenberg*, 53 F.3d 214 n. 2 (8th Cir .1995); *United States v. Stump*, 914 F.2d 170, 172 n. 1 (9th Cir. 1990). That version provided that "[t] he [sentencing] court may correct an illegal sentence at any time . . . ." Fed. R. Cri m. P. 35(a) (1984) (emphasis added). *Accord Stump*, 914 F.2d at 172. In *Hill v. United States*, the Supreme Court held that Federal Rule 35 performs the "narrow function" of correcting an "illegal sentence," and is not meant to permit the "re-examin [ation of] errors occurring at the trial or other proceedings prior to the imposition of sentence." 368 U.S. 424, 430 (1962); *see also Heflin v. United States*, 358 U.S. 415 (1959) (holding that the "only question" on a Rule 35(a) motion is "whether the sentence imposed was illegal on its face"). The Court explained that a sentence is not "illegal" pursuant to the rule where "[t]he punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally

invalid in any other respect." *Hill*, 368 U.S. at 430.

In his Rule 35(a) motion, Petitioner makes a number of arguments including:

    (a)    He was not able to see his presentence report prior to sentencing in violation of Fed. R. Crim. P. 32(e). (ECF No. 190 at 8.);

    (b)    His sentence was illegally imposed based on misstatements found in the presentence report. (*Id*. at 9.);

    (c)    The newly discovered presentence report states inaccurate narcotics weights. (*Id* at 10.);

    (d)    The sentencing court should have distinguished between precursor chemicals and PCP. (*Id*. at 12.);

    (e)    Petitioner's trial counsel failed to protest the court's characterizations of his client as a drug dealer. (*Id*. at 13.);

    (f)    His sentence was based on conduct that was dismissed in exchange for the guilty plea. (*Id*. at 14.);

    (g)    During trial, the government's expert opinion was flawed, and thus was prejudicial. (*Id*. at 17.);

    (h)    His entire sentence is illegal because the court failed to understand PCC as a precursor to PCP. (*Id*. at 20.)

    (i)    His sentence was over-broad and exceeded the normal sentence for the offense. (*Id*. at 21.);

Petitioner's arguments lack merit. This Court, in addressing Petitioner's First Rule 35 Motion, specifically determined that because Petitioner pled guilty to manufacture and aiding and abetting the manufacture of PCC, the applicable penalty provision for Petitioner's offense was 21 U.S.C. § 841(b)(1)(B). (ECF No. 147 at 2.) "Under § 841(b)(1)(B), a court was required to impose (1) a term of imprisonment of no longer than 15 years; and (2) a term of special parole of at least three or six years, depending on the defendant's previous convictions." (*Id*.) Thus, "the sentencing court did not error when it imposed a twenty-five year term of special parole as part of Petitioner's sentence." (*Id*.)

In the latest Rule 35(a) motion, Petitioner does not offer any arguments that warrant reconsideration of the Court's earlier ruling that 21 U.S.C. § 841(b)(1)(B) provides the relevant penalty

structure for the offense committed.  Because the Petitioner's sentence was not in excess of the applicable statute, his sentence is not illegal for purposes of Rule 35, which applies <u>only</u> when a sentence is illegal on its face.  Accordingly, the Court DENIES Petitioner's request to correct his sentence pursuant to Rule 35.

### III. **CONCLUSION AND ORDER**

For the foregoing reasons

(1) Petitioner's motion to for consideration of the *Holloway* Doctrine is DENIED;

(2) Petitioner's motion for correction of illegal sentence pursuant to Fed. R. Crim. P. 35 is DENIED.

IT IS SO ORDERED.

Dated: **April 5, 2018**              /s/ Lawrence J. O'Neill
                                                         UNITED STATES CHIEF DISTRICT JUDGE