UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARRYL DWAYNE BURTON,<br><br>　　　　Defendant. | No.  1:85-cr-0205-JLT<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING<br><br>(Doc. 198) |

　　　Defendant Darryl Burton filed a "Motion for Compassionate Release and/or Reduction in Sentence" on January 15, 2021, (Doc. 198), which was supplemented by counsel on May 3, 2021. (Doc. 202.)  The government opposed the motion on June 3, 2021, (Doc. 208), and Burton replied on June 17, 2021.  (Doc. 209.)

　　　Burton pled guilty in 1985 to manufacturing and aiding and abetting the manufacture of controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (Doc. 202 at 10.) He was sentenced to a term of 15 years in prison followed by a special parole term of 25 years. (Doc. 90.)  He was released from custody in March 2008.  In 2014, Burton again pled guilty to new charges of conspiracy to manufacture and possession of PCP.  He was sentenced to 10 years imprisonment and 10 years of supervised release for this second offense.  He completed the prison term for his 2014 offense in September 2020, but he was not released; instead, he remained in detention until May 2021 for violating the parole applicable to his 1985 offense.

Burton's motion requested compassionate release from custody due to COVID-19 concerns at MCC Chicago, where he was incarcerated, pursuant to 18 U.S.C § 3582(c)(1)(A), or Former Rule 35 of the Federal Rules of Criminal Procedure ("Former Rule 35").  (Doc. 202 at 3.)  By the time the government timely opposed Burton's motion, he had been released from BOP custody.  (Doc. 208-1 at 2.)  Therefore, the government argued that Burton's motion was moot.  (Doc. 208.)  Burton's reply complained that the government had failed to address that he was still eligible for relief in the form of a reduced sentence that would terminate his special parole term.  (Doc. 209 at 2.)

Burton's Former Rule 35 argument was brief and did not directly address grounds for relief now that Burton is no longer affected by COVID-19 conditions in BOP facilities.  As such, the Court requires additional briefing.  Accordingly, the Court ORDERS that:

1. Burton SHALL, by **February 2, 2023**, submit a supplemental brief as to why relief—via either Former Rule 35 or 18 U.S.C. 3582(c)(1)(A)—is appropriate now that he has been released from custody.  This brief SHALL include Burton's arguments, if any, as to why his request for relief via 18 U.S.C. 3582(c)(1)(A) is not moot due to his release.
2. The government SHALL have **21 days** from Burton's supplemental filing to submit an opposition.  Burton MAY then file a reply within **14 days**.
3. None of the above filings SHALL exceed 10 pages.

IT IS SO ORDERED.

Dated:   **November 10, 2022**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

2