**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:85-cr-00205 JLT |
| Plaintiff, | ORDER DENYING MOTION TO REDUCE SENTENCE |
| v. | (Doc. 198) |
| DARRYL DWAYNE BURTON, | |
| Defendant. | |

Judgment was entered against Defendant Darryl Dwayne Burton in this case almost forty years ago, in 1986. (*See* Doc. 90.) He pleaded guilty to a charge related to the manufacturing of a precursor chemical to the controlled substance commonly known as PCP. (*See* Doc. 145 at 1–2.) The Court imposed a fifteen-year prison sentence and a "special parole" term of twenty-five years. (Doc. 90.)

Special and regular parole, which are no longer imposed in the federal system, differ in three respects: first, special parole followed a prison term, whereas regular parole entailed a pre-term release; second, special parole was imposed by the sentencing judge rather than the Parole Commission; and third, when special parole was revoked, a new prison term began, so the time a defendant spent outside prison on special parole did not count against the original prison sentence. *See Robles v. United States*, 146 F.3d 1098, 1100 (9th Cir. 1998). Both regular and special parole also differ from probation, which is imposed in the place of or as an alternative to a

1

prison sentence, not in conjunction with a prison sentence.  *See* 18 U.S.C. § 3561(a)(3); *see also United States v. Castro-Verdugo*, 750 F.3d 1065, 1068 (9th Cir. 2014) (explaining that it was statutory error to impose a sentence of both imprisonment and probation).  Special parole also differs from the modern system of supervised release.  Among other differences, the court administers supervised release, whereas the Parole Commission administers special parole.  *See* 18 U.S.C. § 3583 (defining supervised release, conditions of release, and when release may be modified or revoked, among other things).

Burton was released from custody and began his twenty-five-year special parole term in 2008.  (Doc. 212 at 1.)  In 2012, he was indicted once more, this time in the Central District of California, again on charges related to the manufacturing and distribution of PCP.  (*See* Case No. 2:12-cr-00676 ODW, Doc. 16.)  He entered a guilty plea under an agreement with the government a few years later and was sentenced to ten years' imprisonment, followed by ten years' supervised release.  (Case No. 2:12-cr-00676 ODW, Docs. 227, 228, 247.)

Burton completed the ten-year prison sentence in 2020 but remained in detention under his special parole on the original 1986 sentence.  (Doc. 212 at 1.)  In January 2021, he filed an emergency pro se motion for release based on the "COVID-19 pandemic and the extreme and harsh conditions of confinement," citing 18 U.S.C. § 3582(c)(1).  (Doc. 198.)  The court referred his pro se motion to the Officer of the Federal Defender, which filed an amended memorandum in support of his motion.  (Doc. 202.)  He again cited his health and § 3582, but in addition, he referred to the version of Federal Rule of Criminal Procedure 35(b) that was in effect at the time of his original sentencing in the 1980s.  (*Id.* at 4–9.)  The government contended in opposition that Burton's motion was moot, as he had been released from custody in the intervening months.  (Doc. 208.)  Burton argued in reply that the Court retained the power to "strike the special parole term" under former Rule 35(b), regardless of his intervening release.  (Doc. 209 at 2.)  He contended the special parole term "serves no useful purpose," given his ongoing supervised release in the Central District case.  (*Id.* at 2–3.)

The Court directed the parties to file supplemental briefs addressing the applicability of former Rule 35(b) and whether Burton's release rendered his motion moot.  (Doc. 212.)  The

parties have now filed their supplemental briefs.  Burton concedes his § 3582 request is moot, but he reiterates his request to strike the special parole term under former Rule 35(b).  (Docs. 214, 224.)  The government contends his motion is untimely and improper.  (Doc. 229.)  The Court agrees.

Under former Rule 35(b), defendants could move to reduce their sentences "within 120 days after the sentence is imposed or probation is revoked," in addition to other circumstances not relevant here.  Burton does not argue his detention on special parole was equivalent to the revocation of "probation" (*see* Doc. 224 at 2–3), and rightly so, because probation and parole are not equivalent, as summarized above.  Burton argues instead that his detention was a "new sentence"—a new chance to file a Rule 35(b) motion—citing the Ninth Circuit's decision in *Robles*, 146 F.3d at 1100.  But in *Robles*, the Circuit addressed a different issue.  It held that when special parole is revoked, the Parole Commission could neither reinstate the "old" special parole, nor create a "new" term of special parole.  *Id.*  The Circuit did not consider whether the revocation of special parole triggered the 120-day deadline of former Rule 35(b), nor cite that Rule.  Burton's cites no case in which a court has held that revocation of special parole restarts the 120-day clock, and the court is aware of none.

The purposes of former Rule 35 also weigh against interpreting it broadly, as Burton proposes to do.  The "underlying objective" of former Rule 35 was "to give every convicted defendant a second round before the sentencing judge and afford the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented to him in the interim."  *United States v. Angiulo*, 852 F. Supp. 54, 56 (D. Mass. 1994) (alteration omitted) (quoting *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir. 1968)).  Its function was "simply to allow the district court to decide if, on further reflection, the original sentence now seems unduly harsh."  *United States v. Smith*, 650 F.2d 206, 208 (9th Cir. 1981) (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973)).  The 120-day time limit prevents defendants from making pertinacious requests and ensures sentencing judges do not "usurp the responsibilities of parole officials."  *Id.*  As noted, the Parole Commission oversee the parole term, not the Court.

3

Burton had an opportunity to ask the sentencing judge to reconsider and reflect under Rule 35(b) for 120 days after his special parole term was originally imposed.  That deadline cannot now be extended, "regardless of when the motion was filed or of extenuating circumstances." *Id.* The motion for a reduced sentence (Doc. 198) is **DENIED**.

IT IS SO ORDERED.

Dated:    **February 2, 2026**

UNITED STATES DISTRICT JUDGE